IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENDRICK D. LATHAM,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 04-cv-4086-JPG** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 01-cr-40047** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Following a four-day jury trial, Petitioner was found guilty of two counts involving the distribution of crack cocaine. On November 7, 2002, Petitioner was sentenced to 480 months imprisonment, five years supervised release, a fine of $500, and a special assessment of $200. Petitioner's appeal was later dismissed on his motion, *see United States v. Latham*, Appeal No. 02-4027 (7th Cir., filed Nov. 14, 2002), and a year later, Petitioner filed the instant motion under § 2255.

Before the Court, first, is Petitioner's request that the Court take judicial notice of the Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and he asks the Court to apply that decision to this case (Doc. 2). However, the Seventh Circuit has held that *Blakely* does not apply retroactively to convictions that were final prior to their decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which was decided January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Therefore, since Petitioner's conviction was final in 2003, *Blakely* does not apply retroactively, and this motion is **DENIED**.

In his amended motion (Doc. 3), Petitioner raises several grounds for relief. These grounds include (1) his sentence and conviction were obtained by use of unlawfully obtained evidence, (2) there was insufficient evidence to sustain his conviction and sentence, (3) there was no evidence presented to support a conspiracy conviction, rather than simply a buyer-seller relationship, (4) his sentence was unlawfully enhanced for possession of a firearm, (5) his criminal history was improperly calculated, (6) evidence was unlawfully admitted, (7) his relevant conduct was incorrectly computed at sentencing, and (8) in addition to other enumerated shortcomings, Counsel was ineffective in failing to present any of these grounds at trial or on appeal.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

Petitioner's motion for a hearing (Doc. 5) is **DENIED** at this time. After reviewing the Government's response, and any reply that Petitioner may then file, if the Court deems it necessary, a hearing will be scheduled at a future date.

**IT IS SO ORDERED.**

**Dated: August 17, 2005**

                                                                                          **s/ J. Phil Gilbert**
                                                                                          **U. S. District Judge**