UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENDRICK D. LATHAM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 04-cv-4086-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Kendrick D. Latham's ("Latham") amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 3). The government has responded to the motion (Doc. 10), and Latham has replied to that response (Doc. 12). Latham has also filed two documents purporting to supplement his § 2255 motion (Docs. 13 & 14).

**I.**  **Background**

On July 17, 2002, a jury convicted Latham of one count of conspiring to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). At trial, the government used against Latham an incriminating statement he had given after he was arrested in early June 2001.

On November 7, 2002, the Court held a sentencing hearing.[1] At sentencing, the Court found by a preponderance of the evidence that Latham's relevant conduct was 847.56 grams of crack cocaine, which fell into the category of at least 500 grams but less than 1.5 kilograms of

---

[1] Latham's sentencing occurred before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The impact of those decisions on Latham's case is discussed later in this order.

crack cocaine and which under United States Sentencing Guideline[2] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 36. The Court further found that Latham's offense level should be enhanced by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of the offense, by two points under U.S.S.G. § 3B1.4 for using a minor to commit the offense, and by two points under U.S.S.G. § 3C1.1 for obstructing justice relating to the offense, yielding a total offense level of 42. The Court further found that Latham had six criminal history points based on past convictions, two criminal history points because he was under a criminal sentence when he committed the instant offenses, and one criminal history point because the instant offenses were committed less than two years following his release from custody for his prior crimes. Thus, he had a total of nine criminal history points, which under U.S.S.G. § 4A1.1(e) placed him in criminal history category IV. His criminal history category of IV and his offense level of 42 established a sentencing range of 360 months to life in prison on the conspiracy count and 360 to 480 months in prison on the possession count (the possession count range was capped by a statutory maximum of 40 years under 28 U.S.C. §841(b)(1)(B)(iii)). The Court sentenced Latham to serve 480 months on each count, to run concurrently.

On November 14, 2002, Latham appealed to the Seventh Circuit Court of Appeals, but on April 30, 2003, his appellate attorney filed a motion to dismiss the appeal along with a document entitled "Authorization and Consent to Dismissal of the Appeal" ("Authorization") and signed by Latham. The Authorization stated:

I have been informed of my attorney's intention to move to dismiss my appeal.

---

[2] Unless otherwise noted, the references to the guidelines in this order are to the 2001 United States Sentencing Guidelines Manual.

> I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal.

*See* Circuit R. 51(f) & App. III.  On May 1, 2003, the Court of Appeals granted the motion to dismiss and issued the mandate dismissing the appeal.

On May 15, 2003, Latham filed a *pro se* motion asking the Court of Appeals to reconsider the dismissal on the grounds that he did not knowingly and voluntarily consent to it.  At the Court of Appeals' request, Latham's attorney responded to the motion, indicating that he had discussed with Latham the strategy of dismissing his appeal and pursuing his claim via a motion under 28 U.S.C. § 2255.  On June 9, 2003, the Court of Appeals denied Latham's motion to reconsider.  Again, Latham sought to challenge the dismissal of his appeal, this time by asking the Court to vacate its June 9, 2003, order.  On June 25, 2003, the Court of Appeals returned the motion to Latham without ruling on it, stating that its June 9, 2003, order was "the court's final order in the case."  Latham did not file a petition for a writ of *certiorari* to the Supreme Court.

Latham's original § 2255 motion, which Latham signed under penalty of perjury, indicates it was signed on May 4, 2004, just over a year after the Court of Appeals dismissed his appeal.  The Court received and docketed the motion on May 7, 2004.  Latham filed an amended motion on August 30, 2004 and a supplement on April 11, 2006.  In the amended motion and its supplement, Latham asks the Court to vacate his conviction and sentence on a variety of grounds, including a number of claims of error at the trial level, a number of alleged instances of ineffective assistance of counsel and the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

In response, the government argues that Latham's § 2255 motion was not filed within the one-year limitations period established by § 2255 ¶ 6, that Latham has procedurally defaulted on

3

some of his claims for failing to raise them on direct appeal, and that *Blakely* does not apply retroactively on collateral review.

In reply, Latham asks the Court to strike the government's response on the ground that it was filed two days after the deadline set by the Court. He also argues that his § 2255 motion was timely filed. He does not address the government's procedural default or *Blakely* arguments.

## II.     § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

## III.    Analysis

As a preliminary matter, the Court declines to strike the government's response. Although it was two days late and the Court therefore has the discretion to strike it, the Court sees no prejudice from accepting a minimally late response and will accept it as timely filed.

### A.     Statute of Limitations

The government asks the Court to dismiss Latham's § 2255 motion on the ground that it was filed beyond the one-year statute of limitations set forth in § 2255 ¶ 6. Prisoners used to be

able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255), which added a one-year limitations period for a motion attacking a sentence. Most of the time, and in this case this general rule holds true[3], the one-year limitations period begins to run "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶6(1); *see Clay v. United States*, 537 U.S. 522, 524 (2003). Where an appellate court affirms a judgment of conviction, that judgment of conviction becomes final for § 2255 purposes when the time expires for filing a petition for *certiorari*. *Clay*, 537 U.S. at 524-25. The period for filing such a petition expires 90 days after the court of appeals enters judgment or denies a petition for rehearing. S. Ct. R. 13.

The government argues that Latham's judgment became final on May 1, 2003, the day the Court of Appeals dismissed his appeal pursuant to Latham's motion, and that he is not entitled to an additional 90 days under the rule of *Clay*. While conceding that the statute of limitations would not have begun to run until 90 days after the Court of Appeals decision had it affirmed Latham's conviction, it contends that Latham had no right to file a petition for a writ of *certiorari* because he voluntarily dismissed his petition and waived any further appeal.

Latham disagrees and presents a variety of theories about when his one-year statute of

---

[3]To the extent that Latham may argue that his *Blakely* arguments are timely because they were raised within one year of when *Blakely* was decided – "the date on which the right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2255 ¶ 6(3) – those rights have not been "made retroactively applicable to cases on collateral review," a prerequisite for finding the Supreme Court's recognition of the right as the commencement of the one-year limitation period. The rights newly recognized in *Blakely* and applied to the federal sentencing guidelines in *United States v. Booker*, 543 U.S. 220 (2005), are not retroactively applicable on collateral review. *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 545 U.S. 1110 (2005).

limitations expired and why his § 2255 motion was timely. First, he argues that he actually filed his motion on May 1, 2004, the day the government contends the statute of limitations expired. Second, he asserts that regardless of what led to the conclusion of his appeal, he had 90 days in which to file a petition for a writ of *certiorari*. He believes he could have sought a writ on the issue he raised in his post-dismissal motion for reconsideration of the dismissal – the voluntariness of the dismissal. Third, he argues that even if he were not entitled to the 90-day period, the Court of Appeals' June 9, 2003, order denying his motion for reconsideration, which he suggests is the equivalent of a motion for a panel rehearing under Federal Rule of Appellate Procedure 40, was the day his judgment of conviction became final. Fourth, Latham argues that the one-year statute of limitations should be tolled in light of the Court of Appeals' statement in its June 25, 2003, order that the June 9, 2003, order was the final order in the case, which he claims misled him into thinking his judgment was final on June 9, 2003.

    1.    <u>Date Judgment Became Final</u>

A fundamental question is when Latham's judgment of conviction became final. Latham urges the Court to apply the rule of *Clay v. United States*, 537 U.S. 522 (2003), in this case. In that case, the defendant Clay appealed his conviction to the Court of Appeals, which affirmed the conviction, but did not seek a writ of *certiorari* from the Supreme Court. *Id.* at 525. Clay then filed a § 2255 motion more than a year after the appellate decision but less than a year after his period to file a petition for a writ of *certiorari* expired. *Id.* The Supreme Court examined the issue of when Clay's conviction became final for the purposes of § 2255 ¶ 6(1) and held that it became final "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Id.* Clay's petition was therefore timely. *Id.* at 532.

Although Latham argues that *Clay* applies to his case, *Clay* did not address the exact

issue presented in this case – when a defendant's conviction becomes final where he voluntarily dismisses his appeal without ever receiving an affirmation by the Court of Appeals. Neither party cites any case on point, and the Court has only been able to locate a handful of unpublished district court cases discussing the issue at any length. *See, e.g., United States v. Champion*, No. C-03-258(3), 2006 WL 1293566, at *3 (S.D. Tex. May 6, 2006) (final at time of dismissal); *United States v. Sylvester*, No. 3:CR-02-250 & No. 3:CV-05-286, 2006 WL 695796, at *2-*3 (M.D. Pa. Mar. 17, 2006) (final at time of dismissal); *Stern v. United States*, No. 2:05-CV-207, 2:02-CR-021 & 2:03-CR-056, 2005 WL 2922457, at *2 (S.D. Ohio Nov. 3, 2005) (final at time of dismissal), *adopted by* 2005 WL 3338704 (S.D. Ohio Dec. 8, 2005). *But see Baughman v. Erwin*, No. 1:05-CV-56, 2005 WL 2042998 (D. Vt. Aug. 9, 2005) (§ 2254 context; noting in *dicta* that judgment is final 90 days after highest state court grants motion to voluntarily dismiss appeal), *adopted by* 2005 WL 2277385 (D. Vt. Sept. 19, 2005); *Marshall v. Crosby*, No. 3:05CV207/LAC/EMT, 2006 WL 568341 (N.D. Fla. Mar. 7, 2006) (§ 2254 context; final 90 days after appellate court grants motion to voluntarily dismiss appeal).

The court in *Sylvester* provides the most complete and compelling analysis of all the cases the Court has located. It held that a judgment of conviction becomes final when "further direct review is foreclosed." *Sylvester*, 2006 WL 695796, at *3. Like the petitioner in this case, Sylvester voluntarily dismissed his appeal pursuant to Federal Rule of Appellate Procedure 42(b), then contended that the statute of limitations for filing a § 2255 petition began to run 90 days later. *Id.* at *1-*2. The court disagreed, noting that Sylvester's dismissal of his appeal was "'an expression of the intent of the parties (principally, of course, the appellant) not to pursue the appeal any further and [brought] the appeal to an end.'" *Sylvester*, 2006 WL 695796, at *2 (quoting *United States v. Outen*, 286 F.3d 622, 631 (2d Cir. 2002)). It further cited a Seventh

Circuit case, *Barrow v. Falck*, 977 F.2d 1100 (7th Cir. 1992), in support of the rule of finality that "appellate courts do not have jurisdiction over the merits of an appeal once the appeal is voluntarily dismissed." *Sylvester*, 2006 WL 695796, at *2. *Barrow* stated, "A notice of appeal filed and dismissed voluntarily is gone, no more effective in conferring jurisdiction on a court than a notice never filed." *Barrow*, 977 F.2d at 1103. The *Sylvester* court then reasoned that since a voluntary dismissal deprived the appellate court of jurisdiction to decide any issues, there were no issues for which a petition for a writ of *certiorari* could be granted and therefore the writ was unavailable. *Sylvester*, 2006 WL 695796, at *2. The court then concluded that since there was no avenue for direct review of any issue, the judgment of conviction of the district court became final when the appeal was dismissed. *Id.* The court formulated the general rule, consistent with *Clay*, that a "conviction becomes final when further direct review is foreclosed." *Id.* at *3.

    *Sylvester* is persuasive to this Court. The Court agrees that when no further avenue of direct review is available to a defendant, his judgment of conviction becomes final and the one-year statute of limitations for § 2255 motions begins to run. In this case, that occurred on May 1, 2003, when Latham's appeal proceedings were terminated not by a substantive decision of the Court of Appeals but pursuant to Latham's motion to dismiss his own case and "waive all rights to object or raise any points on appeal." Authorization at 1. Thus, Latham's limitations period for filing a § 2255 motion expired May 1, 2004.

    Alternatively, Latham argues that even if he were not entitled to the 90-day period his appeal was not actually terminated until June 9, 2003, when the Court denied his motion for reconsideration, which he suggests is the equivalent of a motion for a panel rehearing under Federal Rule of Appellate Procedure 40. While neither party cites any case on point and the

Court has been unable to locate any on its own, the Court believes Latham's position is wrong. It is clear that a Court of Appeals mandate is effective when issued, Fed. R. App. P. 41(c), so the Court of Appeals' dismissal of Latham's case was effective May 1, 2003. It is true that a petition for a panel rehearing stays the mandate until a decision on the petition unless the Court orders otherwise, Fed. R. App. P. 41(d)(1), but Latham's motion was not a petition for a panel rehearing. He never had a hearing before a panel of appellate judges either in the form of adversarial briefing or oral argument – his appeal was dismissed at his request and not on any consideration of the merits of the case – so there was nothing that could have been reheard and there was no panel that could have reheard it. Thus, the Court of Appeals' mandate dismissing Latham's appeal was effective and final on May 1, 2003, when it was entered on the Court of Appeals' docket.

To the extent Latham argues the limitations period was tolled while his motion for reconsideration was pending, he is wrong. It is true that a post-trial motion such as a motion for judgment of acquittal, *see* Fed. R. Crim. P. 29, motion for a new trial, *see* Fed. R. Crim. P. 33, or motion for arrest of judgment, *see* Fed. R. Crim P. 34, may alter the length of appeals period, Fed. R. App. P. 4(b)(3)(A), and that a petition for rehearing before the Court of Appeals may delay the commencement of the period in which a defendant may petition the Supreme Court for a writ of *certiorari*, S. Ct. R. 13.3. However, where an appeal or *certiorari* period does not determine the commencement of the limitations period, as in this case, such tolling is irrelevant.

To the extent that Latham argues the one-year limitations period should be equitably tolled or that the government should be equitably estopped from asserting the statute of limitations, that argument cannot succeed. It is true that the one-year statute of limitations is procedural and not jurisdictional, and that a failure to meet the deadline may be excused at the

<p>

time of filing by equitable estoppel or equitable tolling. *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). However, equitable tolling is reserved for extraordinary circumstances beyond the petitioner's control that prevented his filing of a timely § 2255 motion. *Nolan*, 358 F.3d at 484. Consequently, it is rarely granted. *See id.* Equitable estoppel applies where a defendant's conduct prevents a petitioner from suing within the limitations period. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). In this case, Latham has not alleged anything that, if true, would amount to extraordinary circumstances beyond his control that prevented him from filing a timely § 2255 motion or that would demonstrate that the government prevented him from filing a timely § 2255. Therefore, equitable tolling and equitable estoppel do not apply in this case.

For these reasons, the Court concludes that Latham's one-year limitations period began to run on May 1, 2003, the day the Court of Appeals dismissed his appeal at his request, and expired on May 1, 2004, one year later. The Court now turns to the question of when Latham filed his § 2255 motion.

        2.     <u>Date Latham Filed Motion</u>

Latham urges the Court to apply the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), which provides that a prisoner is considered to have "filed" a document when he turns it over to a prison official to be sent to the Court. In the context of filing a notice of appeal under the mailbox rule, "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Fed. R. App. P. 4(c)(1). Section 1746 provides that a declarant may, as an alternative to submitting a written sworn statement, submit a written statement he declares as true under penalty of perjury. The Court looks to similar proof to

establish timely filing of a §2255 motion under the mailbox rule.

As a preliminary matter, the Court finds that Latham is not entitled to any benefit from the mailbox rule. Neither his original § 2255 motion nor anything else he has filed contains a declaration under penalty of perjury or a notarized statement that the he prepaid first-class postage or that he placed his motion into the prison mail system on a particular day, the two requirements of receiving the benefits of the mailbox rule. *See United States v. Craig*, 368 F.3d 738, (7th Cir. 2004). Latham has met neither requirement. Thus, the mailbox rule does not apply to him, and his motion was filed when the Clerk of Court received it on May 7, 2004, six days too late.

Even if Latham had been entitled to the benefit of the mailbox rule, he makes contradictory assertions about when he signed his original § 2255 motion, which leads to contradictory inferences about when he placed it into the prison mail system. In his original § 2255 motion, which Latham declared was true under penalty of perjury, Latham indicated that he executed the motion on "5/4/04." Because Latham's petition was made under penalty of perjury, it has the evidentiary value of an affidavit

In response to the government's argument that, even assuming Latham placed the petition into the prison mail system for mailing on May 4, 2004, immediately after he signed it, it was three days too late, Latham disclaims his original sworn statement that he signed his motion on May 4, 2004. He now asserts that his writing "5/4/04" on his original motion was an error, that he actually signed the petition on April 4, 2004, that he should have written "4/4/04" instead of "5/4/04," and that he placed his motion in the prison mail system on May 1, 2004, just in time to avoid the expiration of the statute of limitations. Latham did not declare his unnotarized reply brief to be true under penalty of perjury.

The Court is always suspicious when it receives contradictory statements, the second of which is self-serving and was made only after a fatal error is detected in the first. That is what happened in this case. The Court rejects Latham's second explanation of when he signed and mailed his § 2255 motion.

Latham did not declare his second statement to be true under penalty of perjury or have it notarized. On the other hand, Latham declared the statements in his original § 2255 motion to be true under penalty of perjury. In other contexts, courts are generally skeptical of conflicting testimony from the same person and will only accept the later statement if the differences from the first statement are adequately explained. For example, in the summary judgment context, the law is well-established that "in general, parties may not 'patch-up potentially damaging deposition testimony' with a contradictory affidavit." *Commercial Underwriters Ins. Co. v. Aires Envtl. Servs., Ltd.*, 259 F.3d 792, 799 (7th Cir. 2001)(citing *Maldonado v. U.S. Bank*, 186 F.3d 759, 769 (7th Cir. 1999)). Similarly, in the context of a motion to withdraw a guilty plea, it is clear that a defendant's representations and admissions made under oath in a plea colloquy are entitled to a presumption of verity that can only be overcome by substantial evidence impugning the validity of the plea. *United States v. Jones*, 381 F.3d 615, 619 (7th Cir. 2004). The Court is equally as demanding with respect to § 2255 petitioners who submit only self-serving affidavits, and not objective evidence, in support of what they allegedly would have done had things gone differently at the trial level. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)).

This Court demands similar proof and explanation before it will allow a defendant to disclaim a prior sworn statement in the present context. Latham has not offered any compelling reason the Court should discredit his sworn statement in favor of a later, self-serving,

unsupported one.  The Court takes Latham at his word as declared under penalty of perjury in his original petition – that he signed the motion on May 4, 2004 – and assumes that he placed the motion in the mail immediately thereafter.  Latham has not provided a shred of evidence in support of his second position other than his own self-serving assertion about a handwriting error.  This is insufficient to convince the Court that it should disregard his prior sworn statement.

For these reasons, the Court finds that Latham's § 2255 motion is untimely.  The Court considers the government's other arguments both to provide an alternate ground for dismissal of some claims and to point out significant deficiencies in the government's brief and arguments in the hopes that they will not be repeated in other cases.

      B.      <u>Procedural Default</u>

As an alternative basis for rejecting certain of Latham's arguments, the government argues that those claims are procedurally defaulted.  A § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice such as, for example, where a defendant is actually innocent of the crime.  *Bousley v. United States*, 523 U.S. 614, 622 (1998);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977);  *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000);  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice.  *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

1. <u>Arrest without Probable Cause</u>

The government argues that Latham has procedurally defaulted his Fourth Amendment claim that his warrantless arrest in June 2001, was not based on probable cause and that information gathered as a result of that arrest should have been suppressed as the "fruit of the poisonous tree." The government believes Latham has procedurally defaulted this claim because he did not raise it on direct appeal.

The law is clear that Fourth Amendment violations cannot be a ground for § 2255 relief unless a petitioner could not have presented a Fourth Amendment argument at the trial level, so long as the challenged evidence is reliable. *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). However, where trial counsel's deficient performance effectively prevented a petitioner from presenting a Fourth Amendment argument at trial, a defendant may present a Sixth Amendment ineffective assistance of counsel argument in a § 2255 that hinges on counsel's failure to raise the Fourth Amendment issue at trial. *Owens*, 387 F.3d at 609. The merits of the Fourth Amendment argument can then be considered in conjunction with the *Strickland v. Washington*, 466 U.S. 668, 694 (1984), ineffective assistance analysis. *See Owens*, 387 F.3d at 609-10.

In this case, Latham alleges both that his June 2001, arrest was without probable cause *and* that his counsel was constitutionally ineffective for failing to investigate and challenge the arrest on that basis. Thus, he has framed his Fourth Amendment claim in the context of a Sixth Amendment ineffective assistance of counsel claim which is cognizable even when raised for the first time in a §2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

For this reason, were Latham's petition not time-barred, the Court would consider his Fourth Amendment argument in conjunction with his Sixth Amendment claim of ineffective

assistance of trial counsel in failing to present the argument in his criminal case.

        2.      Ineffective Assistance of Counsel

The government also argues that Latham's Sixth Amendment ineffective assistance of counsel claims are procedurally defaulted because he did not raise them at earlier stages of the litigation and they do not establish his actual innocence of his crimes. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998). This argument is misplaced. There is no requirement that ineffective assistance of counsel claims be presented on direct appeal, *see Massaro v. United States*, 538 U.S. 500, 504-05 (2003), or that counsel's deficiencies establish the actual innocence of a petitioner so long as they undermine confidence in the outcome of the trial, *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

The government also asserts in passing without any substantive analysis that Latham cannot establish his counsel's ineffectiveness because he cannot establish prejudice from any error. This argument is too perfunctory to warrant serious consideration without further briefing.

    C.    *Blakely/Booker* Claims

Many of Latham's arguments are founded on *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Specifically, he argues that numerous facts were improperly used at his sentencing because they were not charged in the indictment and proved to a jury beyond a reasonable doubt. The government argues that *Blakely* is not retroactive to cases on collateral review.

*Blakely* applied the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to a Washington state sentencing scheme similar to the federal sentencing guidelines. In *Blakely*, the defendant pled guilty to second-degree kidnaping, a class B felony that carried a

standard sentencing range of 49 to 53 months. *Blakely*, 542 U.S. at 299. In general, class B felonies in Washington could not be punished by prison sentences exceeding ten years. *Id.* The sentencing judge found that aggravating factors existed to justify an exceptional sentence of 90 months, still well within the permissible class B felony range but also well beyond the standard range for second-degree kidnaping. *Id.* at 300. The Supreme Court held, however, that because the facts to which the defendant pled could only support a standard range sentence, *Apprendi* precluded the judge from making further findings to enhance the sentence, even if the sentence still fell within the class B felony range. *Id.* at 303-04. In essence, the *Blakely* Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303 (emphasis in original). Therefore, because only the 49 to 53 month range was justified by the defendant's plea and any higher sentence was subject to reversal considering *only the facts admitted in the plea*, the defendant's sentence must fall within that range. *Id.* at 304.

In the lower *Booker* decision, 375 F.3d 508 (7th Cir. 2004), the Seventh Circuit Court of Appeals applied *Blakely* to the federal sentencing guidelines system and held that (other than criminal history) only facts proven to a jury beyond a reasonable doubt or admitted by a defendant could be used to calculate a sentence under the guidelines. *Booker*, 375 F.3d at 510-12. The Supreme Court ultimately confirmed that *Blakely* applies to the federal sentencing guidelines and that application of the guidelines as written is unconstitutional because of their mandatory nature. *Booker*, 543 U.S. at 226-27, 233. However, the Supreme Court held that the proper remedial measure to save the guidelines is not to require that special findings be submitted to a jury. *Id.* at 249-58. The proper remedial measure, the Court decided, is to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines

mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 258-64. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 264; *see* 18 U.S.C. § 3553(a)(4) & (5).

*Booker* does not aid Latham in his quest to vacate his sentence. The Court of Appeals for the Seventh Circuit has held that *Booker* is not retroactively applicable on collateral review. *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 545 U.S. 1110 (2005); For this reason, *Booker* is of no assistance to Latham, and he is not entitled to § 2255 relief on that basis. This is an alternate basis for rejection of some claims the Court has already rejected as time-barred.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Latham's amended § 2255 motion (Doc. 3) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 11, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**