UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENDRICK D. LATHAM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 04-cv-4086-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Kendrick Latham's ("Latham") motion for a certificate of appealability (Doc. 19) and motion for leave to appeal *in forma pauperis* (Docs. 20 & 24).[1] Latham seeks to appeal the Court's judgment that his § 2255 petition was untimely.

### I.  Motion for Certificate of Appealability (Doc. 19)

A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if

---

[1] Latham filed his notice of appeal (Doc. 18), motion for certificate of appealability (Doc. 19) and his first motion for leave to proceed *in forma pauperis* (Doc. 20) without signing them. He has since corrected that omission.

Dockets.Justia.com

the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.")  "Disputes about a petition's timeliness do not support an appeal unless a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."  *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (citing *Slack*, 529 U.S. at 483-85).

While the Court believes that its resolution of the timeliness issue is one that reasonable jurists could debate and one that is adequate to deserve encouragement to proceed further, the issue is not of constitutional magnitude, and *Ramunno* therefore prevents a certificate of appealability from issuing based solely on such a statutory question.  It could issue, however, where "a substantial constitutional issue lurks in the background."  *Ramunno*, 264 F.3d at 725.  The Court has reviewed the substance of the petition and has found that no such issue lurks in the background of this case.  Latham's most promising claims would have been claims of ineffective assistance of counsel.  However, even if his counsel had been deficient in his performance, Latham suffered no prejudice from that performance because the evidence against him was overwhelming and the Court's rulings on legal issues were correct.  For this reason, the Court **DENIES** Latham's motion for a certificate of appealability (Doc. 19).

II.     **Motions for Leave to Proceed on Appeal *In Forma Pauperis* (Docs. 20 & 24)**

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  A frivolous appeal cannot be made in good faith.  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967));  *Walker*

2

*v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Latham's affidavit that he is indigent. Furthermore, the Court does not believe that this action is frivolous or malicious. Therefore, the Court **GRANTS** the motion to proceed on appeal *in forma pauperis* without prepayment of fees and costs (Docs 20 & 24).

**IT IS SO ORDERED.**
**DATED:  March 28, 2007**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**