UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENDRICK D. LATHAM,

        Petitioner,

    v.                                Case No. 04-cv-4086-JPG

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kendrick D. Latham's ("Latham")
amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc.
3). Latham has also filed two documents purporting to supplement his § 2255 motion (Docs. 13
& 14). The government has responded to the motion (Doc. 47), and Latham replied to that
response (Doc. 52). Latham has also filed a motion for newly discovered evidence (Doc. 51).

I.      **Background**

      A.      Pretrial Events

On June 3, 2001, Latham was arrested after a caller to law enforcement reported Latham
had threatened him with a gun. While under arrest, Latham gave a statement to law enforcement
officers in which he admitted to distributing crack cocaine in and around Cairo, Illinois, with his
codefendant Larry Nesby ("Nesby"), identified his sources, admitted that two juveniles worked
for him in his distribution activities and admitted he carried a gun during and in furtherance of
his drug distribution activities.

On July 10, 2001, Latham was indicted on one count of conspiring to distribute 5 grams
or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of
possessing with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §

841(a)(1). A superseding indictment was returned in January 2002 increasing the amount of drugs involved in the conspiracy count to 50 grams or more. In May 2002, a second superseding indictment was returned omitting a count against a co-defendant who had been severed from Latham.

Latham was first represented at the district court level by attorney John M. Delaney Jr. ("Delaney"). Delaney filed a motion to suppress (Doc. 27), a motion to sever (Doc. 22), and a motion for funds to retain a handwriting expert (Doc. 28).

The motion to suppress challenged the admission of Latham's June 2001 incriminating statements. In his written motion, Latham claimed law enforcement did not advise him of his *Miranda* rights, that he did not sign a written waiver of his *Miranda* rights before giving his statement and that his signature on the written waiver was a forgery. The Court granted the motion for funds to retain a handwriting expert to examine the written waiver, but the expert proved unhelpful to Latham, so he abandoned that theory for suppression. He subsequently admitted he signed the form but claimed he did not know it was a waiver and had never made the incriminating statements. The Court held a hearing on the motion to suppress, found Latham's testimony in support of the motion to be completely untruthful and denied the motion. The Court then allowed Delaney to withdraw as Latham's counsel and appointed Paul B. Vanni ("Vanni") to replace him.

While Latham was represented by Vanni, the Court granted Latham's motion to sever his trial from Nesby's. The Court then allowed Vanni to withdraw as Latham's counsel and appointed Douglas A. Forsyth Sr. ("Forsyth") to replace him.

Under Forsyth's watch and on the morning of trial, Forsyth indicated he was unprepared for trial because he had not interviewed some witnesses and had not communicated with Latham

in the three weeks prior to trial. The Court adjourned Court immediately after jury selection to allow Forsyth the time he thought he needed to interview witnesses, review the trial transcript from Nesby's trial, which involved the same major witnesses, and talk to Latham. The trial resumed a week later.

B.   Trial and Sentencing

At trial, the government presented Latham's June 2001 incriminating statement and testimony from witnesses who purported to be Latham's two drug sources, the owners of a house where Latham prepared and/or sold drugs, drug business competitors, the juveniles who worked for Latham and others. On July 17, 2002, a jury convicted Latham of both counts as charged in the indictment.

The Court began the sentencing hearing on October 15, 2002, but continued the hearing to give Forsyth an opportunity to meet with Latham to explore further possible objections to the Presentence Investigation Report ("PSR") recently brought to Forsyth's attention. Specifically, Forsyth sought an opportunity to obtain impeachment evidence that David Trainer ("Trainer"), who testified he was one of Latham's drug suppliers, was at other places at the times he claimed to be obtaining drugs with Latham and was incorrect in his testimony that Nesby was dealing drugs on certain days.

On November 7, 2002, the Court resumed the sentencing hearing.[1] Forsyth filed objections to the PSR's relevant conduct calculation, gun enhancement, obstruction of justice enhancement, use of a minor enhancement and numerous other items. Latham himself objected to his criminal history calculation.

_____

[1]Latham's sentencing occurred before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

3

Based on the testimony presented at trial, which the Court found credible, and despite the additional documentary evidence presented by Forsyth showing Latham was in Chicago for 3 days during the period he was alleged to have been selling drugs in Cairo, the Court found by a preponderance of the evidence that Latham's relevant conduct was 847.56 grams of crack cocaine. That amount placed Latham's relevant conduct in the category of at least 500 grams but less than 1.5 kilograms of crack cocaine and yielded a base offense level of 36 under United States Sentencing Guideline Manual[2] ("U.S.S.G.") § 2D1. . The Court further found that Latham's offense level should be enhanced by 2 points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of the offense, by 2 points under U.S.S.G. § 3B1.4 for using a minor to commit the offense, and by 2 points under U.S.S.G. § 3C1.1 for obstructing justice relating to the offense, yielding a total offense level of 42.

The Court further found that Latham had six criminal history points based on past convictions, two criminal history points because he was under a criminal sentence when he committed the instant offenses, and one criminal history point because the instant offenses were committed less than two years following his release from custody for his prior crimes. Thus, he had a total of nine criminal history points, which under U.S.S.G. § 4A1.1(e) placed him in criminal history category IV.

His criminal history category of IV and his offense level of 42 established a sentencing range of 360 months to life in prison on the conspiracy count and 360 to 480 months in prison on

---

[2]Unless otherwise noted, the references to the guidelines in this order are to the 2001 United States Sentencing Guidelines Manual ("U.S.S.G."). U.S.S.G. § 2D1.1 has since been retroactively amended, and any reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) for which Latham is eligible is being handled by a separate motion in his criminal case. (Doc. 203; Case No. 01-cr-40047-JPG).

the possession count. The Court sentenced Latham to serve 480 months on each count, to run concurrently.

C.     Appeal

On November 14, 2002, Latham appealed to the Seventh Circuit Court of Appeals, who appointed Kent R. Carlson ("Carlson") as counsel. Carlson advised Latham to dismiss his appeal because there were no viable appeal issues and to proceed instead by filing a § 2255 motion. On April 30, 2003, Carlson filed a motion to dismiss Latham's appeal, which the Court of Appeals granted on May 1, 2003.

On May 15, 2003, Latham filed a *pro se* motion asking the Court of Appeals to reconsider the dismissal on the grounds that it was not voluntary. At the Court of Appeals' request, Carlson responded to the motion, indicating that he had discussed with Latham the strategy of dismissing his appeal and pursuing his claim via a motion under § 2255. On June 9, 2003, the Court of Appeals denied Latham's motion to reconsider and later refusing to hear a motion to vacate that decision. Latham did not file a petition for a writ of *certiorari* to the Supreme Court.

Latham filed his original § 2255 on May 7, 2004. Latham filed an amended motion on August 30, 2004. In the amended motion, Latham asks the Court to vacate his conviction and sentence on a variety of grounds:

1.     Latham's conviction and sentence were obtained using evidence obtained as a result of his warrantless arrest without probable cause, specifically, Latham's statements as well as those of two juveniles arrested at the same time and the drugs, gun and money discovered as a result of the juveniles' statements, and his counsel was constitutionally ineffective for failing to investigate and challenge his arrest;

2.     there was insufficient evidence to support a jury finding beyond a reasonable doubt as to the amount of crack cocaine involved in Latham's offenses or to support his relevant conduct because the evidence presented at trial was too vague and did not ensure a

unanimous jury finding, and his counsel was constitutionally ineffective for failing to move for judgment of acquittal or to object to the relevant conduct calculation;

3.   there was insufficient evidence to support a jury finding beyond a reasonable doubt that Latham conspired with others to distribute crack cocaine as opposed to simply buying and selling it, and his counsel was constitutionally ineffective for failing to research the legal issues and to move for judgment of acquittal on the conspiracy count;

4.   Latham's offense level was improperly enhanced by a finding that he had possessed a firearm, but the finding was not charged in the indictment, submitted to a jury or proved beyond a reasonable doubt, and his counsel was constitutionally ineffective for failing to raise the argument at sentencing and on appeal;

5.   Latham's criminal history category was improperly determined based on the incorrect assertion that he was under a criminal justice sentence at the time he committed the offenses in this case, and his counsel was constitutionally ineffective for failing to investigate Latham's criminal history and challenge his criminal history category at sentencing;

6.   Latham's conviction and sentence were improperly based on evidence of a package of crack cocaine for which two different weights were established at different points in the chain of its custody (the later weight was lighter than the earlier weight) without explanation, and his counsel was constitutionally ineffective for failing to raise the issue on appeal;

7.   in light of *Blakely v. Washington*, 542 U.S. 296 (2004), Latham's sentence was improperly based on a relevant conduct amount not proved to the jury beyond a reasonable doubt and based on unreliable evidence, and his counsel was constitutionally ineffective for failing to raise this argument at sentencing; and

8.   his counsel was constitutionally ineffective for the foregoing reasons and for failing to locate, interview and subpoena six specific witnesses who would have provided testimony favorable to Latham, to object to hearsay evidence, to submit a lesser included offense jury instruction and a special verdict form for a specific drug amount, to argue multiple conspiracies, to impeach government witnesses with their prior inconsistent statements, to sufficiently argue the motion to suppress, to argue at sentencing that Latham did not possess a gun in connection with the charged offenses, to raise *Blakely* issues on appeal, to adequately advise him before trial about relevant conduct and possible sentence enhancements so he could intelligently consider a plea agreement, to keep secret until trial potential inconsistency in government agents' testimony, to present a defense at trial, to meet sufficiently with Latham before trial and to subpoena documents to be used as evidence at trial.  He also claimed his counsel was constitutionally ineffective for hiring a handwriting expert when the issue was not whether Latham signed a waiver of rights form but when he signed the form and for advising him to dismiss his appeal and pursue his arguments in a § 2255 motion.

In a supplemental filing docketed February 27, 2006 (Doc. 13) and corrected April 11, 2006 (Doc.14), Latham develops his *Blakely* arguments citing *United States v. Booker*, 543 U.S. 220 (2005).

In an order dated August 17, 2005 (Doc. 6), the Court rejected Latham's argument based on *Blakely*, noting that *Blakely* is not retroactively applicable to cases decided before the Supreme Court's January 12, 2005, decision in *Booker*, which applied *Blakely* to the United States Sentencing Guidelines. Thus, the Court has already disposed of arguments that Latham's sentence should be vacated because certain sentencing findings were not made by a jury beyond a reasonable doubt.

In response, the government argues that Latham has procedurally defaulted all but his ineffective assistance of counsel claims because he could have but failed to raise them on direct appeal. With respect to Latham's ineffective assistance of counsel claims, the government argues that Latham's counsels' performances were not constitutionally deficient and/or were not prejudicial to his case.

In reply, Latham argues that his procedural default was caused by appellate counsel's constitutional ineffectiveness and that his various counsel were, indeed, constitutionally deficient.

## II.    § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a

complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

## III.    Analysis

### A.    Non-Constitutional Claims: Procedural Default

The government argues that Latham has procedurally defaulted all but his ineffective assistance of counsel claims by failing to raise them on direct appeal.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice such as, for example, where a defendant is actually innocent of the crime. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Latham's claims relating to the sufficiency of the evidence to convict him, to the calculations of relevant conduct and criminal history and to any other claim not implicating Latham's constitutional rights could have been raised on direct appeal but were not. Because he did not raise them then, he cannot raise them now regardless of cause and prejudice.

B.    Constitutional Claims

1.    Fourth Amendment:  Arrest Without Probable Cause

Latham maintains his June 2001 arrest was illegal because it was without probable cause. The Fourth Amendment to the Constitution guarantees the "right of the people to be secure in their persons . . . against unreasonable . . . seizures."  U.S. Const. amend. IV.  An arrest is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Latham's claim is not cognizable in a § 2255 proceeding.  The law is clear that Fourth Amendment violations cannot be a ground for § 2255 relief unless petitioner could not have presented a Fourth Amendment argument defense at the trial level, so long as the evidence is reliable.  *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004) (citing *Stone v. Powell*, 428 U.S. 465 (1976)).  However, where trial counsel's deficient performance effectively prevented a petitioner from presenting a Fourth Amendment argument at trial, a defendant may present a Sixth Amendment ineffective assistance of counsel argument in a § 2255 that hinges on counsel's failure to raise the Fourth Amendment issue at trial.  *Owens*, 387 F.3d at 609.  The merits of the Fourth Amendment argument can then be considered in the prejudice inquiry of the *Strickland* ineffective assistance of counsel test.  *See id.* at 609-610.  As explained below, Latham's counsel was not ineffective in failing to make or prevail on the argument that Latham was arrested without probable cause.

2.    Sixth Amendment:  Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective*

assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

a.     Failure to Challenge Arrest

i.     Lack of Probable Cause

Latham believes his counsel was ineffective for failing to seek suppression of the

evidence obtained after his June 2001 arrest based on the lack of probable cause to make the arrest.

Counsel was not deficient for failing to raise this issue because it was a losing argument. Defense counsel is not deficient for failing to make a frivolous or losing argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001); *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990). The evidence at trial clearly showed that the arresting officers had probable cause to arrest Latham based on the report of Delbert Irish ("Irish") that Latham had threatened him with a gun. Latham makes much of the fact that Irish would have had to complete a written complaint very quickly after his initial call to law enforcement for the officers to have had a written complaint by the time they arrested Latham. There is no evidence, however, that Irish had not provided a written statement sufficient to justify arresting Latham at the time of his arrest, and Latham does not suggest Irish's oral statements were inadequate to support probable cause. Furthermore, the minor inconsistencies in law enforcement officers' testimony were not sufficient to cast serious doubts on the general common gist of their statements: Irish reported Latham had threatened him with a gun before the officers arrested him. Latham's counsel was not deficient because he failed to challenge the arrest as lacking probable cause.

Furthermore, Latham suffered no prejudice from his counsel's failure to challenge his arrest. There is no reasonable probability that had he done so, the Court would have found the arrest unlawful in light of Irish's statements about Latham.

ii.     Waiver of Rights

Latham faults Delaney for failing to argue (1) that Latham's incriminating statement should have been suppressed because questioning continued after he said he did not want to give

a statement and (2) that the date on the waiver could not have been the date Latham executed the waiver because he was elsewhere at the time.

Latham has pointed to nothing showing that had Delaney argued the questioning impermissibly continued, there would have been a reasonable probability of changing the outcome of the motion hearing or the disposition of the entire case. There was no credible evidence Latham ever invoked his right against self-incrimination or his right to counsel. The Court found Latham's testimony at the suppression hearing to be incredible, and the other relevant witnesses never testified that Latham refused to give a statement. The most they testified to was that Latham was unsure whether he wanted to give a statement and wanted to talk to his mother first. Law enforcement allowed him to talk to his mother and obtained a written waiver of his right to remain silent before questioning him further. In light of that evidence, there was no viable argument that Latham's statements should have been suppressed because they were given in violation of his right against self-incrimination.

Latham also faults Delaney for arguing the waiver was forged instead of arguing about the date he signed it. Delaney highlighted the date discrepancy at the suppression hearing to cast doubt on the legitimacy of the waiver, but his efforts were unsuccessful. Latham has not specified what Delaney could have presented that would have had a reasonable probability of causing the Court to suppress his self-incriminating statement because of the date discrepancy.

In connection with this argument, Latham believes Delaney was constitutionally deficient when he tipped off the government about the date discrepancy. He believes this gave the government time to fabricate a story to explain the discrepancy. Assuming Delaney actually brought this discrepancy to the attention of the government before the suppression hearing, it was not deficient performance. There was, indeed, a bit of testimony at the suppression hearing

12

about the date issue, but the Court was satisfied with the government's explanation of the discrepancy. Latham has offered nothing to show that had the government not known about the date discrepancy until Delaney raised the issue at the hearing, the hearing or the entire case had a reasonable probability of having a different result.

b.    Failure to Challenge Sufficiency of Evidence

Latham believes Forsyth was ineffective for failing (1) to move for judgment of acquittal on the grounds that the government failed to prove the amount of drugs involved in the offense and that Latham was involved in the conspiracy and (2) to object to the Court's relevant conduct calculation and finding that enhancements applied.

Forsyth *did* make motions for judgment of acquittal at the close of the government's case and at the close of the evidence, and the Court denied them both. Furthermore, the evidence was clearly sufficient to enable the jury to find Latham conspired to distribute 50 grams or more of crack cocaine and to possess with intent to distribute 5 grams or more of crack cocaine and, indeed, such findings were implicit in its verdict that the defendant was guilty as charged. Any objection based on the sufficiency of the evidence would have been meritless and would not have had a reasonable chance of changing the results of the proceedings.

As for the failure to object to the Court's relevant conduct calculations at sentencing, there was clearly sufficient evidence presented at trial to support the finding. Latham has not pointed to any additional evidence or argument Forsyth could have presented that would have had a reasonable probability of causing the Court to arrive at a different relevant conduct range. When a § 2255 petitioner faults his attorney for failing to object and present evidence at trial or at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the

13

result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Forsyth did the best he could with the limited evidence available to him showing that Latham was in Chicago for three days during the two to three months he was alleged to have been dealing drugs in Cairo. Nevertheless, the Court found the trial testimony credible, and found that even if Latham had not been in Cairo the three days he was in Chicago, his relevant conduct category would have been the same. Unless Latham can point to something else Forsyth could have done to change the Court's relevant conduct range finding, the Court cannot find Forsyth constitutionally ineffective.

Similarly, Latham asserts the evidence was insufficient to support the gun enhancement. This is simply not true. As the government pointed out at sentencing, the trial testimony was rife with evidence Latham possessed a gun in connection with his drug crimes. Nevertheless, Forsyth objected to the gun enhancement at sentencing but was unable to prevail. Latham has offered nothing else Forsyth could have done or said that would have had a reasonable probability of changing this result, so the Court cannot find he was constitutionally ineffective in this regard.

c.      Failure to Raise *Blakely/Booker*-type Argument

Latham faults Forsyth with failing to object at sentencing to the fact that the Court, not the jury, found the facts justifying his relevant conduct and his enhancements and that the Court found those enhancements by a preponderance of the evidence, not beyond a reasonable doubt. He also faults his appellate counsel for failing to raise the issue on appeal. Both alleged deficiencies occurred before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the cases that give the argument some validity.

14

To the extent Latham complains that his counsel failed to raise a *Blakely/Booker* argument, that claim must fail. Although the foundation for such an argument existed at the time Latham claims it should have been raised, the argument was doomed to fail before the Supreme Court issued *Blakely*. Counsel cannot be faulted for failing to anticipate the change in the law brought about by *Blakely* or *Booker*. *See Fuller v. United States*, 398 F.3d 644, 651 n. 4 (7th Cir. 2005) (citing *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (noting that an ineffective assistance of counsel argument premised on counsel's failure to anticipate *Apprendi* would be untenable)); *Knox v. United States*, 400 F.3d 519, (7th Cir. 2005) ("A failure to anticipate shifts in legal doctrine cannot be condemned as objectively deficient.").

### d. Failure to Challenge Criminal History Calculation

Latham claims Forsyth was constitutionally ineffective for failing to challenge the PSR's finding that Latham was under a criminal justice sentence at the time of his crimes. Based on the PSR, the Court found that when Latham committed the offenses of conviction, he was under a criminal justice sentence from a Missouri conviction and that he had been released from custody less than two years earlier. These findings added three points to his criminal history total.

Latham has not provided any evidence or argument why this finding was not correct. He has offered nothing that Forsyth could have and should have done that would have had a reasonable probability of changing the Court's criminal history finding. Thus, he has not shown that Forsyth was deficient or that he suffered any prejudice.

### e. Failure to Challenge Admission of Drugs at Trial

Latham believes Forsyth was deficient for failing to challenge the chain of custody of the drugs found on June 3, 2001, after Latham's arrest, and that Carlson was deficient for failing to raise the issue on appeal. Latham asserts that 10 grams of crack cocaine disappeared from the 28

15

grams originally recovered between the time it was obtained to the time of its lab analysis.

At trial, the evidence of the chain of custody of the drugs was solid, and Forsyth would have been unsuccessful had he tried to challenge it. As for a discrepancy in weight, the evidence showed that the measurement in the field of the drugs and their packaging was 28 grams, but the forensic chemist determined the weight of the drugs without their packaging to be approximately 17.7 grams. Forsyth highlighted this difference in his cross-examination of the chemist, but the chemist explained that the discrepancy could have been attributable to the weight of the plastic packaging. Latham has not specified what more Forsyth could have done to cast doubt on the evidence.

In addition, there was overwhelming evidence that Latham was guilty of the crimes as charged, including his own statement that he and Nesby had purchased and begun to sell an ounce – approximately 28 grams – of crack cocaine a few days before Latham's June 2001 arrest. A discrepancy in the amount of crack cocaine was not likely to cause the jury to doubt the remaining evidence, which was more than sufficient to support Latham's convictions on both counts.

As for sentencing, even if Forsyth had convinced the Court to disregard the 28 grams, Latham would have fallen into the same relevant conduct range and would have received the same sentence. Forsyth was not constitutionally ineffective for failing to further pursue the discrepancy in the crack cocaine weight. Neither was Carlson ineffective for failing to raise the issues on appeal for, as discussed above, the argument had virtually no chance of success.

f.    <u>Failure to Investigate Defense</u>

Latham faults Forsyth for failing to investigate his defense. An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular

investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003)*; Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006). An attorney does not have to investigate every conceivable line of mitigating evidence as long as his decision not to investigate a particular line was reasonable from his perspective at the time he made the decision to forego the investigation. *Wiggins*, 539 U.S. at 521-22; *Adams*, 453 F.3d at 436; *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002). Strategic choices to limit an investigation are reasonable if "reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91; *accord Wiggins*, 539 U.S. at 521.

When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must "provide the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (internal quotations omitted); *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See Hardamon*, 319 F.3d at 951. Without sufficiently precise information, the petitioner cannot show that constitutionally adequate counsel would have performed any differently than his actual counsel did. *See Richardson*, 379 F.3d at 488.

Here, Latham presents nothing more than vague allegations that Forsyth should have done more investigation. It is true that the Court encountered problems in this case when, on the day it was first called for trial, it became apparent that Forsyth had not contacted a number of witnesses Latham had wanted him to interview and had not obtained the documents Latham believed were necessary for his defense. However, the Court allowed Forsyth a week to track

17

the witnesses down, to obtain the documents that he thought were necessary to the defense and to meet with Latham. Forsyth believed that amount of time was sufficient.

Latham now faults Forsyth for not meeting with him enough and for not interviewing 7 witnesses he claims generally would have essentially exonerated him of all charges despite the overwhelming evidence, including his own confession, of his guilt. He does not, however, provide the precise and comprehensive showing as to what further discussions between Latham and Forsyth would have yielded or as to what the other witnesses would have said on the witness stand that, had Forsyth used it, would have created a reasonable probability of disregarding the overwhelming contrary evidence and obtaining a different result at trial. Latham has simply failed to show how any shortcoming by Forsyth in his investigation of this case was prejudicial.

### g. Failure to Advise Regarding Possible Sentence

Latham faults Forsyth for failing to advise him before trial that he would face several enhancements at sentencing and that his relevant conduct would be used to sentence him. He claims that had Forsyth advised him of the enhancements and the use of relevant conduct he might have considered a guilty plea. It is true that competent counsel must make a reasonably accurate estimate of a defendant's likely sentence when the defendant is contemplating a guilty plea. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. Barnes*, 83 F.3d 934, 939-40 (7th Cir. 1996). However, even if Forsyth failed in his duty to tell Latham about possible enhancements and the role of relevant conduct, the Court advised Latham of the statutory range of penalties he faced at the arraignment and of the possible obstruction of justice enhancement before he testified at the suppression hearing. That Forsyth might have failed to advise Latham of the enhancements for use of a minor and for possessing a weapon during the offense and the role of relevant conduct could not have prejudiced Latham. Those enhancements

18

and the relevant conduct would have been applicable whether Latham pled guilty or went to trial, so knowing that information earlier could not have possibly played a role in his decision to take his chances by going to trial.

h.    Advice to Dismiss Appeal

Latham faults Carlson for his advice to dismiss his direct appeal.  Appellate counsel is deficient if he "fails to appeal an issue that is both obvious and clearly stronger than one that was raised."  *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001);  *accord Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008).  Furthermore, a petitioner can show prejudice from this deficiency only by demonstrating "that there is a reasonable probability that, but for the deficient performance of his attorney, the result of the appeal would have been different."  *Suggs*, 513 F.3d at 678.

The record reflects that Carlson made a judgment call that Latham had no viable issues on direct appeal and stood a better chance arguing the constitutional deficiency of his counsel at the district court level.  He explained in a letter to Latham the research and consultation he conducted to arrive at this conclusion.  While it might have been more advisable to seek to withdraw as counsel on appeal, Carlson's advice to voluntarily dismiss the appeal after research and consultation was certainly within the range of competent performance.  Ineffective assistance of counsel appears to have been an obvious issue for the reasons set forth in Carlson's letter.  However, ineffective assistance of counsel arguments are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003);  *Fountain v. United States*, 211 F.3d 429, 433-34 (7th Cir. 2000).  Carlson's advice to proceed in the best forum for the best arguments was not deficient.  Furthermore, Latham has not demonstrated that there was a

reasonable probability that, had Carlson not advised him to dismiss his appeal, he would have prevailed on the appeal. As pointed out throughout this order, Latham's arguments are extremely weak at best.

### i.     Miscellaneous Other Alleged Deficiencies

Latham's other complaints are too vague to justify relief under § 2255. An ineffective assistance of counsel claim must be supported by more than the petitioner's own unsupported allegations of misconduct. *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001). He faults Forsyth for failing to object to hearsay, to request a multiple conspiracy jury instruction and to use prior inconsistent statements in his cross-examinations. However, his arguments have no flesh on them. Because Latham has failed to substantially support his allegations of error or ineffectiveness with developed argument or relevant facts, he has waived those arguments. Perfunctory, underdeveloped and unsupported arguments are waived. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). Without any more details in these vague allegations, the Court cannot base § 2255 relief on those arguments.

### j.     Cumulative Error

To the extent Latham might be asserting that counsels' cumulative error rendered their performances constitutionally deficient, the Court finds that Latham has not demonstrated a reasonable probability that, but for the foregoing alleged errors by counsel, even if considered in combination, the result of any of the proceedings would have been different.

## IV.     Motions for Discovery (Doc. 51)

In this motion, Latham asks the Court to order the government to provide him with statements given by Trainer when he was in custody by Missouri officials which he believes will

show Trainer's trial testimony was untruthful and should not have been used as part of Latham's relevant conduct.

In a § 2255 proceeding, the Court may for good cause authorize a party to conduct discovery. Rules Governing § 2255 Proceedings, Rule 6(a). The Court should allow discovery "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997) (§ 2254 context) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "Good cause, however, cannot exist where the facts alleged do not provide a basis for relief." *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004) (citing *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990)).

Latham has not shown good cause for discovery in this case. Even if Trainer gave an inconsistent statement to another law enforcement officer, Latham has not demonstrated how evidence of that fact would support the arguments he makes in his § 2255 motion. For this reason, the Court will deny Latham's motion for discovery (Doc. 51).

## V.     Conclusion

For the foregoing reasons, the Court:

•       **DENIES** Latham's amended § 2255 motion (Doc. 3) and its supplements (Docs. 13 & 14);

•       **DENIES** Latham's motions for discovery (Doc. 51); and

•       **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 22, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**

21